Read, J.
The errors complained of, are, in substance, a violation of law in the conviction of Martha Davis; a non-observance of the rules of conducting a criminal prosecution; and a refusal to grant her a new trial for the causes set forth in her affidavit. These errors look to the entire discharge of Martha Davis, and a new trial as to one or both.
As to the entire discharge of Martha Davis. It is claimed that she was the wife of William Davis, and joined with him in the commission of the crime, and, therefore, was not guilty, as the law presumes that she acted by the command and coercion of her husband. The legal principle claimed for her benefit, is admitted; but the fact of coverture, necessary to bring her within its operation, was not established. The fact of he? *82 being the wife of William Davis, was submitted to the jury and found against her. Hence her conviction was legal. True, the facts and circumstances tending to prove her married, were objected to by the prosecuting attorney after being detailed in evidence, but the record does not show that they were ruled out or withdrawn from the consideration of the jury.
As to the error in refusing to grant a new trial. New trials are granted for some error or misconduct in the conducting of a trial, or for facts or circumstances which lie without the record, but which, when established, induce the belief that the accused has not had a full and fair opportunity to disprove the charge, or to claim the benefit of those safe-guards and principles secured by the law to every person upon trial for crime. Motions for new trials are said to be addressed to the sound discretion of the Court, and its decision upon such, motions will not be disturbed by a revising Court. This depends upon the grounds upon which the motion for a new trial rests.
If a new trial be asked because of error in the proceedings, which appear of record, and it be refused, it is error, and the judgment will be reversed. But if the grounds of the new trial are matters of facts which are extrinsic to the record, and are to be established by proof other than the record, the credibility of witnesses and the effect of the evidence is necessarily submitted to the Court. If they find against the facts claimed, and refuse a new trial, such finding and refusal are the legitimate exercise of a discretion reposed, which is final, and cannot be reviewed or reversed. Of such nature was the application of Martha Davis for a new trial, for the grounds set forth in her affidavit,- made after verdict, that she was a married woman, and could establish, the fact if permitted the opportunity, on a new trial. The Court undoubtedly were not satis fied that her statements were true, looking to the whole evidence as disclosed on the trial.
As to the errors claimed to have been committed in the mode of conducting the prosecution. It is claimed as error that the jury were permitted to separate and disperse during *83 the progress of the trial, and before verdict, and were.not sent out in charge of an officer specially sworn, when they retired to consider of their verdict.
Whether jurors shall be permitted to disperse during the progress of a trial, is a matter committed to the sound discretion of the Court. It is no longer an open question. This was decided in the case of Sargeant v. The State of Ohio, 11 Ohio Rep. 474; and also in the case of The State of Ohio v. Engles, 13 Ohio Rep. 492. In the latter case it was decided, furthermore, that the jury might be permitted to disperse after they had agreed, and return a sealed verdict. The reasons for relaxing antiquated strictness, are fully given by the. Court in those cases.
It is said that the officer having charge of the jury-when they retired to consider of their verdict, was not specially sworn.
The jury retired under the charge of the sheriff. He is an officer sworn to discharge his duty; and to take charge of all juries constitutes a part of his duties. It is not necessary to administer to him an oath to discharge his whole duty, and a special oath to discharge each particular duty. One of the objects of administering the special oath to officers having charge of juries, in ancient times, appeared to be, to secure an observance of those senseless and harsh measures which looked oftentimes to the compelling of a verdict by physical suffering, rather than a conviction of reason, which both officer and jury were disposed to disregard. That has passed away, and with it the means resorted to, to enforce it. Jurors are now considered as honest men — disposed to discharge the obligations of their oath and do justice; and it is not going very far, to presume that they would resist all efforts to corrupt them by improper influences, as much as a sworn constable.
But in this case there appears to be nothing wrong, even in form. It is not claimed that there was, in point of fact. So far as the jury were concerned, it appears to be conceded that they acted honestly and fairly. The sheriff, who was the proper officer, took the jury in charge. The fact that he permitted a *84 constable, w;hó .was in' attendance on the Court, to watch the door in his temporary absence,-we do not think such' a violation of principle as would demand á new trial. Besides; under the statute, the .'sheriff -is entitled-to the-assistance of constables during the térfn of" court, and when so acting,' he is bound by his official óath, and need not be- specially ,'s.worn.

Judgment Affirmed.